

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00029-CV

DON SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 11300-B, Honorable John B. Board, Presiding

June 30, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Don Smith appeals from two withholding orders directed at his inmate trust account. The orders specified that deductions be made from the trust account to pay court costs and attorney's fees. Payment of court costs was ordered via the judgment convicting him of Aggravated Robbery with a Deadly Weapon. The first withholding order, issued in 2010, was amended in 2012. Through the 2012 amendment, the trial court rescinded the obligation to pay attorney's fees. Furthermore, $350 taken from the trust account for payment of such fees was returned to appellant. Thereafter, Smith

moved the trial court to rescind the orders in their entirety because he had not been afforded prior notice of and opportunity to challenge the effort to withdraw funds from the account.

The trial court convened a telephonic hearing on Smith's motion, and Smith participated in it. While acknowledging his obligation to pay the costs involved, he contended that he was entitled to due process (that is, notice and opportunity to be heard) before the orders were issued. After entertaining Smith's testimony and argument, the trial court denied the motion to rescind.

Smith appealed the trial court's decision and now contends that 1) he was entitled to notice and opportunity to challenge the withdrawal orders *before* the trial court issued them and 2) the procedures for effectuating a garnishment under Texas Rules of Civil Procedure 657 *et. seq.* were not followed. Thus, both the original and amended orders are void, in his view. We affirm the trial court's decision.

Regarding the argument about the failure to follow those Texas Rules of Civil Procedure governing garnishments, we note that the argument was not raised at the hearing below. So, it was not preserved. *See* TEX. R. APP. P. 33.1 (discussing the manner in which to preserve complaints for review). We also note that while the proceeding at bar may be like a garnishment action, *Harrell v. State*, 286 S.W.3d 315, 319 (Tex. 2009), it arises under § 501.014 of the Texas Government Code, not Rules 657 *et. seq.* of the Texas Rules of Civil Procedure. So, the latter do not govern it. And, as stated by our Supreme Court in *Harrell*,

> Nothing in Texas law requires the grafting of comprehensive garnishment procedures onto Government Code section 501.014. If TDCJ were required to conform strictly with full-blown statutory garnishment requirements as suggested by the Texarkana court of appeals in *Abdullah*

2

[*v. State*, 211 S.W.3d 938, 943 (Tex. App.—Texarkana 2007)], TDCJ would doubtless face expending more money than it would ever collect in many cases, since withdrawal orders typically seek modest sums. Faced with this cost-benefit tradeoff, TDCJ would likely opt not to seek recoupment at all, thus subverting the Legislature's goal of efficient cost-collection.

*Id.* at 320.

As to the matter of due process, it is true that an inmate is entitled to notice and opportunity to be heard when the State attempts to withdraw funds, without his approval, from his inmate trust account. *Harrell v. State*, 286 S.W.3d at 321. But "neither need occur before the funds are withdrawn." *Id.*

Here, the judgment memorializing Smith's conviction contained a provision obligating him to pay costs of court. Though the actual costs were not mentioned in the decree, opportunity to address them was provided when the trial court convened its hearing to entertain Smith's motion to rescind. As previously mentioned, appellant did not contest their amount. Instead, he told the trial court that "I understand that I owe that." He simply "wanted the opportunity to be heard before they just started taking my money off my books . . . ." Yet, as held in *Harrell*, the opportunity for a hearing "before the funds are withdrawn" need not have been afforded him.

Given that Smith was informed about his duty to pay court costs through the judgment under which he was convicted, acquired notice of the orders to withdraw (though after withdrawals began), moved to rescind the orders, appeared at the hearing on his motion, had the opportunity at the hearing to complain about the amount of costs involved, and acknowledged that he owed them, we conclude that he received the due

3

process contemplated under the Constitutions of Texas and the United States and by *Harrell*. The orders are not void, as he asserts, due to the want of due process.

Finally, and to the extent that Smith believes that the State is prevented from collecting the court costs at issue since it waited for 13 years to do so, we refer him to *Sorsby v. State*, 624 S.W.2d 227 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ) where the court held that theories of adverse possession, estoppel, and laches do not apply against the State. *Id.* at 236. In other words, the State's delay in seeking payment from the trust account posed no bar to it.

We overrule appellant's issues and affirm the trial court's order refusing to rescind the withholding orders.


Brian Quinn
Chief Justice

4